HAYES v. HAYES.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

DIVORCE (§ 224*)—ACTIONS.—DECISIONS REVIEWABLE — MOTION FOR ADJOURN-
MENT.

In an action for divorce, plaintiff's motion for adjournment was over-
ruled, and a judgment of dismissal granted. *Held* that, as the order deny-
ing an adjournment was not appealable, an order allowing her counsel
fees, etc., for the appeal, must be overruled.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 224.*]

Appeal from Special Term, Kings County.

Action by Catharine Hayes against Edmond J. Hayes. From an
order granting plaintiff counsel fees and an allowance pending an ap-
peal from an order denying an adjournment, on which a judgment of
dismissal was entered, defendant appeals. Reversed.

See, also, 138 App. Div. 925, 123 N. Y. Supp. 1119.

Argued before HIRSCHBERG, P. J., and WOODWARD,
JENKS, BURR, and THOMAS, JJ.

John F. Harrington, for appellant.
Ely Rosenberg, for respondent.

JENKS, J. The action is for divorce. The plaintiff moved for a
counsel fee to prosecute an appeal taken from an order denying the
motion for an adjournment, "upon which a judgment of dismissal was
rendered against" her, and for alimony during the said appeal. The
Special Term made an order that allows a counsel fee, and the defend-
ant appeals.

But the order of which the plaintiff complains but denies her motion,
made at trial term, for an adjournment. Such an order is not appeal-
able. Nichols' New York Practice, p. 3634, and references. It may
be that the plaintiff has a grievance; but she has mistaken the prac-
tice, and is not entitled to an allowance to enable her to pursue her er-
roneous course.

The order must be reversed, and the motion must be denied. All
concur.